IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| v. | ) | CRIMINAL ACTION NO. |
| | ) | 2:13cr55-MHT |
| CHRISTOPHER DAVID CARSWELL | ) | (WO) |

OPINION AND ORDER

Defendant Christopher David Carswell is charged with knowingly distributing images of child pornography in violation of 18 U.S.C. § 2252A(a)(2) and with knowingly possessing a laptop computer containing child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B). This cause is now before the court on the question of whether Carswell has the mental capacity to stand trial, that is, whether he is currently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense. See 18 U.S.C. § 4241(a). Based on the evidence presented at the hearing held on August, 19 2013, the

court concludes that Carswell has the mental capacity to stand trial.

Carswell received a psychological evaluation on May 7, 2013, by Dr. Robert L. Bare, a licensed psychologist See 18 U.S.C. § 4241(b). Dr. Bare's May 7 report concluded that, despite his schizophrenic disorder, Carswell understands the charges against him. It stated in relevant part:

> "When asked about the charges against him, Mr. Carswell reported that he was charged with Possession of Child Pornography. ... He indicated that the charge was serious and that he could be sentenced to several years in prison if he were found guilty. ... Mr. Carswell was aware of the pleas he could enter in court. ... He was aware that he could not be required to take a plea bargain. He was aware of the requirements of being placed on probation. ... He was able to state that the judge or jury determine whether a person is guilty of the crime. ... Although he appeared to lack some knowledge about some aspects of the case against him, he was educated about these aspects and was able to retain the information. He was aware that he would need to engage in appropriate behavior while in the courtroom. He was aware that he should

> address any potential communication with the judge with his attorney. He indicated that he could not be required to testify in his case. He was able to define perjury and indicated that he could be punished if he were to lie under oath."

Psychological Evaluation submitted by Dr. Robert L. Bare Ph.D, dated May 7, 2013 (Doc. No. 30) at 6-7.

In addition, at the August 19 hearing, defense counsel stated, from a lay perspective and from his interaction with Carswell, that Carswell is able to understanding the proceedings against him and to assist properly in his defense. Moreover, from the guilty-plea exchange on that date, the court was able to confirm defense counsel's statement from its own observation of, and interaction with, Carswell.

Based upon the above and pursuant to 18 U.S.C. 4241(a), the court concludes that Carswell is not suffering from a mental disease or defect such that he is unable to understand the nature and consequences of the proceedings against him or to enter his guilty plea.

\*\*\*

Accordingly, it is ORDERED that defendant Christopher David Carswell is declared mentally competent to stand trial.

DONE, this the 20th day of August, 2013.

      /s/ Myron H. Thompson
      **UNITED STATES DISTRICT JUDGE**